FRANK BENSON, PLAINTIFF, v. EDWARD BRADY, DEFENDANT.

Decided December 16, 1926.

**Negligence—Injury to Motor Vehicle and Driver Through Collision Caused by the Driver of Another Car—Plaintiff's Car Properly Standing Alongside of Highway Undergoing Minor Repairs—Sufficient Evidence That the Colliding Car was That of Defendant to Justify Letting Case go to Jury— Nonsuit Properly Refused and Rule to Show Cause Dismissed.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Elmer N. Romine.*

*Contra, King & Vogl.*

PER CURIAM.

A verdict of $1,000 was awarded at the Morris Circuit in favor of the plaintiff and against the defendant in an action brought by the former against the latter for damages sustained by him, by reason of the negligent operation of an automobile, by the defendant, while driving the same along Kenvil road, in Dover, Morris county, in that the plaintiff was hit by the said automobile while lawfully on the road, and under the following circumstances: On the night of August 13th, 1924, the plaintiff, according to the testimony, was driving a motor car along Kenvil road, when he noticed that the car was not working properly, so he stopped it on the right-hand side of the road, off the amasite pavement, which is eighteen feet in width, and the left wheel of the car rested on the dirt shoulder of the road which is about five feet in width.

The car was lit.   The plaintiff then took from the mechinism of the car the spark plug, cleaned and replaced it and was ready to put the hood down when an automobile coming from the rear, on the right-hand side of the road, going in a zig-zag fashion, brushed against the car and struck the plaintiff, hurling him a distance of twenty or twenty-five feet where he landed in a ditch.

A rule to show cause was allowed to the defendant why the verdict should not be set aside.   Although eleven reasons are presented to that end, under the rule, defendant's counsel, in his brief, argues and relies on the following: 1. Refusal to grant defendant's motion for a nonsuit.   2. "The trial court admitted illegal evidence."   3. "The court committed error in its charge."   4. The verdict was contrary to and against the weight of the evidence.

Reasons two and three are not properly subject to consideration, since they are not in compliance with rule 125 of the Supreme Court, which rule requires "the party entering the rule shall write down the reasons upon which he rests his motion to set aside the verdict 'with such particularity as is now required in stating grounds of appeal,'" and cause the same to be filed and a copy thereof to be served on the opposite party within thirty days after the entry of the said rule, &c.   It is therefore apparent that reason two, which states that the trial court admitted illegal evidence, is too vague and does not comply with the rule.   The alleged illegal testimony objected to—question and answer should be embodied in the reason.   This is the settled legal rule relating to the stating of a ground of appeal in a case upon appeal.   *Donnelly* v. *State,* 26 *N. J. L.* (at *p.* 512) ; *State* v. *MacQueen et al.,* 69 *Id.* 476, 478; *State* v. *Hendrickson,* 95 *Id.* 10, 13. In *Donnelly* v. *State,* Chief Justice Green (at *p.* 512), in dealing with this question, says: "So, in the assignment, the grounds of error should be specified.   The adverse counsel are entitled to know what the exception is, and the court are not required to search for errors not difinitely pointed out." It may be well to state in this connection that in reading the

testimony for the purpose of passing on the question whether or not the verdict was contrary to and against the weight of the evidence, we find that the testimony objected to by defendant's counsel as illegally admitted was stricken out by the court. What has been said on this subject relates with equal force to the reasons argued in defendant's brief, viz., "the court committed error in its charge." Wherein the court committed error in the charge is not pointed out in the reason.

There was a motion for a nonsuit and a motion for a direction of a verdict, counsel of defendant being content to rest upon the alleged insufficiency of the testimony adduced by the plaintiff to establish liability on part of the defendant to respond in damages to the plaintiff for the latter's injuries. Both of these motions were denied. The defendant was in court and did not take the stand in his own defense. Of course, this circumstance would be inconsequential if it had appeared that there was no factual question presented by the testimony as to whether or not it was the defendant's car which injured the plaintiff. But we think there was proof which tended to establish that it was the defendant's car which produced the mischief. By this answer the defendant admitted that he was the owner of an automobile, registration number 275710.

Christy, a witness for the plaintiff, testified that he caught sight of the first three numbers of the car that hit the plaintiff and that these numbers were 275. Kondrup, a trooper, called at the defendant's resident the day following the accident and asked him if he had been out the night before with his car, and he replied that he had not taken his car out. Thereupon, the witness requested the defendant if he would permit him, the witness, to look at his, the defendant's, car, and having received his assent, they both went out to look at the car and upon viewing it the defendant said, "I will say somebody has been out with the car," but that he did not know who it could have been. The witness further testified that the car looked as if it had been run several miles on a flat

tire; that upon calling defendant's attention to a break on the right rear mudguard, the defendant at first said that it was an old mark and finally admitted it was a fresh mark. There was also the circumstance that the fresh mark was on that side of the defendant's car where it would naturally be as a result of the impact with the plaintiff's car in passing it.

The posture of the plaintiff's case at the time he rested was that there was proof of the facts which gave rise to a permissible inference that it was the defendant's car which did the mischief to the plaintiff, and, hence, in this situation, the trial judge properly submitted the case to the jury for its determination. The nonsuit was properly refused. The motion for a direction of a verdict was also properly denied. As has already been pointed out, the defendant did not avail himself of the opportunity to be sworn and to deny that he was the owner of the car that caused the plaintiff's injury, or that he was operating it at the time, or that it was taken with his consent by another and driven for his benefit or on his business, and, therefore, the status of the case was the same as at the time when the motion for a nonsuit was made.

The factual question whether the defendant was the owner of the offending car still remained to be solved by the jury, and as has been said there was sufficient proof to warrant the submission of the question of the ownership of the car that struck the plaintiff, to the jury.

As to the fourth reason urged, that the verdict was contrary to the charge of the court and against the weight of the evidence, we find this contention to be without merit.

The rule to show cause is discharged, with costs.